Etelvina Pacheco et al., Plaintiffs and Appellees, *v.* José B. Méndez, Defendant and Appellant.

No. 4970. Argued April 9, 1930.—Decided January 16, 1931. Rehearing denied January 30, 1931.

*S. Suau, F. B. Fornaris* and *F. Prieto Azuar* for appellant. *González Fagundo & González Jr.,* for appellees.

Mr. Justice Texidor delivered the opinion of the Court.

José Jiménez Rivera and Regino López were traveling on horseback along the road leading from Las Piedras to Juncos late in the afternoon of September 11, 1927. When they arrived at a place called "Juan Martín" on the same road, they met coming in the opposite direction a motor truck, plate No. 260, belonging to José B. Méndez and driven by chauffeur Domingo Cruz, who was at that moment acting

in the course of his employment. The truck collided with the horse of José Jiménez Rivera, and ran over the latter, killing him.

A complaint, filed in the District Court of Humacao by Etelvina Pacheco and Rafael and Juan José Jiménez against José B. Méndez, was principally based on the above facts and the further allegations made that the operator of the truck was driving it at an excessive speed, on the left-hand side, and without sounding his horn or giving any warning; to which were added proper averments as to the circumstances of José Jiménez Rivera, his age, profession, state of health, and the damages suffered by his widow and children, plaintiffs herein. The defendant answered denying the negligence of his employee and pleaded that the accident was due to the negligence of José Jiménez Rivera, who was riding a horse along the left-hand side of the road and suddenly tried to cross the highway when the truck was so close that it was impossible for the chauffeur to stop the vehicle notwithstanding his efforts to do so.

A trial of the case was had and the court found against the defendant, who was adjudged to pay the sum of four thousand dollars as damages, with costs. The present appeal has been taken from that judgment.

The district court stated its findings of fact as follows:

"From an analysis of the evidence heard in the present case we consider as proved the following facts:

"That about 6 p. m. on the afternoon of September 11, 1927, José Jiménez Rivera, 48 years old, a carpenter and property owner, was traveling on horseback along Road No. 5, leading from Las Piedras to Caguas, and going towards Juncos.

"That Regino López was traveling with him also on horseback and that both were going on the right-hand side and close to the ditch.'

"That when arriving at a curve at Km. 22 of the said road there emerged a "Mack" truck belonging to José Méndez and driven by Domingo Cruz, who is his employee, the plate of said truck bearing number H.P. 260.

"That the said truck was traveling along the left-hand side of the highway and that said José Jiménez was caught by the truck on the right-hand side of the road and was thereby killed, his body lying on the road with his feet towards the ditch and his trunk and head on the road.

"That the truck was traveling rather fast and could not be easily stopped.

"In reaching these findings we have taken into consideration the testimony of witnesses who were not connected with the accident and who can not have any interest in the matter, such as Eleuterio Hernández, several eyewitnesses, and the district chief of police, who saw the tracks of the vehicle when fresh and assures us that it was traveling on the left side."

The trial judge cited the holding in *Cruz et al.* v. *Frau,* 31 P.R.R. 87, and added:

"The driver of the vehicle in the present case, when taking the curve, without knowing what he might meet beyond said curve, ought to have slowed down, and had he done so the accident certainly would not have happened, as he would have had absolute control of the vehicle and could have stopped it or driven to the right at any time he wished, since according to his own testimony the brakes of the truck were in good condition."

The appellant now contends that the trial court manifestly erred in weighing the evidence, and also in assessing the damages at $4,000.

The evidence was perhaps conflicting and the conflict was adjusted in favor of the plaintiffs.

There can be no question that, in the view of the trial court, the evidence introduced by the plaintiffs was stronger and entitled to more credence. This is apparent from its opinion. The only thing to be determined is whether in assuming this attitude, the court committed manifest error. After considering the evidence, we must conclude that the judge weighed the same correctly. The fact must not be overlooked that this is a case where the evidence is conflicting and that in resolving the conflict, the presumptions are in favor of the trial judge, and it becomes therefore necessary that grave

and manifest error be shown in order to justify our disturbing the findings made.

The appellant emphasizes in his argument certain contradictions, real or apparent, in which he claims some of the witnesses incurred.

Contradictions on the part of witnesses are not now considered as important as formerly under a different state of the law. The judge has a higher mission than to hear, and conform his judgment to, particular forms of evidence. He must consider and weigh the testimony given, he must go into the merits of the evidence and dig into its significance, in order to find a solid basis for his decision. Of course, inconsistencies in the testimony of a witness may be of importance as showing that such witness has not told the truth; but the circumstances attendant upon the production of the testimony, the demeanor of the witness, which reflects his habitual or temporary mental attitude, the nature of the interrogatory itself, can and should lead the judge to determine correctly the seriousness or harmlessness of such inconsistencies.

The same occurrence witnessed by three or four persons equally truthful and honest and similarly alert, may give rise in the testimony of such persons to three or four different versions, at least as to details. Nothing easier to happen, and nothing more widely recognized by the text-writers on the subject.

Besides, the situation of the witness, who usually feels himself in a condition of inferiority with respect to those around him, which situation borders on helplessness, real or imagined by the witness; the very eagerness to tell the truth without hiding anything; the fear that an apparent contradiction may be magnified; the necessity of repeating an answer several times; and the fear of the memory being unfaithful, are factors placing anybody taking the stand, if he is an honest and conscientious person, in a situation not

to be envied. All these are elements that a judge takes into account in weighing the contradictions and in deciding as to their character, importance, and effect.

A consideration of the evidence as a whole leads to the conclusion that in this case stupidity and a reckless disregard for the life and security of others, a constant menace to travelers and pedestrians on the public highways, have caused the death of a man, and injury to a family. It was correctly found that the truck in question was being driven along the left-hand side of the road and at great speed, which one of the witnesses described as reckless, uncontrollable; that the victim was traveling on horseback along the right-hand side of the road as required by law and that he made no move to cross the highway; that the truck struck Jiménez and killed him and, generally, that lack of care on the part of the driver of the truck was the cause of the accident which, otherwise, could have been avoided. There is no question that the defendant was the owner of the truck, which at that moment was being used for his own business purposes and driven by his employee.

An examination of the evidence—a task somewhat heavy on account of its length—supports the opinion of the district judge. It is not strange that a witness, to whom ninety questions are put on cross-examination, as was the case with Regino González, should become somewhat confused and occasionally fall into contradictions, with respect to details rather than to substance. But, as already stated, this is a circumstance to be considered by the judge before whom the evidence is introduced.

In *Rivera* v. *Martínez*, decided December 11, 1902,* it was held that it was the province of the court to weigh the probatory value of the testimony of witnesses in accordance with the rules of sound criticism, taking into consideration the reasons on which it is based and the qualifications of the witnesses.

---

* NOTE. 2 *Sentencias del Tribunal Supremo de Puerto Rico*, 683.

In *Delannoy* v. *Blondet*, 22 P.R.R. 219, 231, it was said:

"If there were such a conflict of evidence as the appellant points out, it was incumbent upon the lower court to adjust it, which it did favorable to the plaintiff; and if the witnesses made contradictory statements, it was also the province of the court to weigh the probatory value of their testimony, as it also did in favor of the plaintiff; and this appellate court cannot disturb the findings of the lower court in its ruling upon a motion for a new trial within its discretional power, which does not appear to have been abused in the present case, in which the status of the plaintiff as the natural son of the defendant is supported by the evidence admitted at the trial."

In *Franqui* v. *Fuertes Hermanos, ante,* p. 221, we expressed ourselves as follows (p. 225):

" . . . In several cases we have commented on the fact that inconsistencies between witnesses as to the way an accident happened did not necessarily affect their credibility, because witnesses would ordinarily be mistaken in a part of what they saw or thought they saw. On the other hand, it is no reason for disbelieving either witness because two of them tell exactly the same story, where there is a possibility that they may have talked it over with the attorney or rehearsed it among themselves. Any question of this sort lies within the appreciation to be made by the trier of the case, the judge of the district court."

The first assignment of error in the case at bar can not be considered as a proper ground for reversal.

The second error assigned is that the court fixed the damages at four thousand dollars and imposed the costs on the defendant.

It is really difficult to ascertain how old José Jiménez was at the time of his death. It appears from the complaint that he was 48; from the death certificate, 55. From his marriage certificate, it may be deduced that he was from 51 to 52 years old when he died. But, in any event, the evidence shows that he was a man between 48 and 55 years of age, healthy and strong; that he was earning three dollars per day; that he owned a farm which he managed; that he

was supporting a wife and a son, both sick, and was paying for the education of another son. Bearing all this in mind, we think that the sum awarded as damages is not only not excessive but not even high.

There was no error.

The judgment appealed from must be affirmed.

### ON MOTION FOR REHEARING

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The defendant-appellant in the present case has moved for a reconsideration of our judgment, rendered on January 16, 1931.

The appellant now says that, although in his brief on appeal only two errors were assigned, at the hearing before this court his counsel referred in the argument to a demurrer interposed to the complaint for insufficiency, and urged that it was neither alleged in the complaint, nor shown by the evidence, that the accident had occurred on a public road.

This question has been impliedly decided by this court in its former judgment, although the appellant certainly has heretofore had time and means available for submitting in writing the necessary allegations and he failed to do so.

The judgment sought to be reconsidered has established the fact that the accident occurred on the road from Las Piedras to Juncos, which under the law is a public road, just as is every road devoted to use by the public and included in a general or special road system. This disposes of the point raised in connection with the demurrer and which the appellant considers so important. The fact that a place known as "Juan Martín" was mentioned can not affect the decision in this case. The allegation set forth in the fourth paragraph of the complaint, that the victim was traveling along the road from Las Piedras to Juncos and that he got to a place known as "Juan Martín" logically admits no other interpretation than that said place is located on the road itself.

It seems to us that the petitioner for rehearing is mistaken in the theory advanced by him, that the jurisprudence in criminal cases is applicable to civil actions where violations of the Motor Vehicles Act are concerned. What is involved in the present case is not simply a violation of that act, but the violent death of a human being due to the negligence or carelessness of the driver or chauffeur of an automobile on a public road.

For the foregoing reasons the motion for rehearing must be denied.